UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-1557 (DSD/JSM)


Erik Ostigaard, an individual,

      Plaintiff,

v.                                                    **ORDER**

Deutsche Bank National Trust
Company f/k/a Bankers Trust Company
of California N.A., as Trustee
for GSAA Home Equity Trust
2006-2011 Asset-Backed Certificates
Series 2006-11, Assignee, a
foreign corporation;

and

Mortgage Electronic Registration
Systems, Inc. (MERS), a
Delaware corporation,

      Defendants.


    Erik Ostigaard, 9460 Creek Ridge Lane, Savage, MN 55378,
    pro se.

    Brent, R. Lindahl, Esq., Christianne A.R. Whiting, Esq.,
    Mark G. Schroeder, Esq. and Briggs & Morgan, P.A., 80
    South Eighth Street, Suite 2200, Minneapolis, MN 55402,
    counsel for defendants.


    This matter came before the court for hearing on January 28,

2011, upon the motion to dismiss by defendants Deutsche Bank

National Trust Company (Deutsche Bank) and Mortgage Electronic

Registration Systems, Inc. (MERS).  Defendants appeared through

counsel; pro se plaintiff Erik Ostigaard did not appear.  Based upon a review of the file, record, and proceedings herein, the court grants the motion.

## BACKGROUND

This mortgage foreclosure dispute arises out of the foreclosure of a condominium located at 6897 North Humboldt Avenue, #C-302, Brooklyn Center, Minnesota (#C-302).  Ostigaard purchased #C-302 on April 12, 2006.  Compl. ¶ 6.  He financed the purchase through a $93,000 loan, which was secured by a mortgage dated April 12, 2006.  Id.; see also id. Ex. A.  MERS was the mortgagee of record.  Id. Ex. A.  Thereafter, Ostigaard "fell behind on his monthly mortgage loan payments."  Id. ¶ 8.

On June 24, 2009, MERS assigned the mortgage to Deutsche Bank. On July 29, 2009, the assignment was recorded with the Hennepin County Registrar of Titles, and Deutsche Bank filed a notice of pendency of proceeding and power of attorney to foreclose mortgage. Id. ¶¶ 9-10, 32; id. Exs. C, E.

On August 5, 2009, the Hennepin County Sheriff served a notice of mortgage foreclosure sale, help-for-homeowners-in-foreclosure notice, foreclosure advice to tenants and homestead designation notice upon the persons in possession of #C-302.  Id. Ex. A.  The Sheriff's affidavit of service identifies the persons in possession as Michael and Komaldi Lawrence, and states for some time prior to

2

service, the Lawrences, and no others, possessed #C-302.  Id. Deutsche Bank also published the required notice of mortgage foreclosure sale in Finance and Commerce for six consecutive weeks, beginning August 7, 2009.  Id. ¶ 11; id. Ex. A.

The Hennepin County Sheriff held the foreclosure sale on September 15, 2009.  Id. ¶ 13, Ex. A.  Deutsche Bank purchased #C-302 for $22,450.  Id. ¶ 14; id. Ex. A.  At the time, the amount outstanding on the mortgage loan was $93,600.  Id. ¶ 14; id. Ex. A. Ostigaard did not receive notice of the September 15, 2009 sale, and learned about it only after it had been completed, when he asked a realtor about selling #C-302 through a short sale.  Id. ¶¶ 15-16.

On March 16, 2010, Ostigaard commenced this action in Minnesota state court, claiming that the foreclosure sale is invalid under Minnesota Statutes § 580.041 (Count I) and Ch. 580 (Count II) and violation of the Minnesota Deceptive Trade Practices Act (MDTPA), Minnesota Statutes §§ 325D.43–325D.48 (Count III). Defendants timely removed.  On November 15, 2010, defendants moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Ostigaard did not respond.  The court held a hearing on the motion on January 28, 2011.  Defendants appeared through counsel; Ostigaard did not appear.  The court now addresses the motion.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim."  Iqbal, 129 S. Ct. at 1949 (citation and quotation marks omitted).

The court does not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court may consider materials "necessarily embraced by the pleadings and exhibits attached to the complaint."  Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).

4

I.   **Invalid Foreclosure**

A.   **Notice**

Ostigaard first argues that the foreclosure sale is invalid because he is the owner of #C-302 and Deutsche Bank failed to serve the notice required by Minnesota Statutes §§ 580.03 and 580.041. Section 580.041 applies to foreclosures of mortgages "on property consisting of one to four family dwelling units, one of which the owner occupies as the owner's principal place of residency." Minn. Stat. § 580.041 subdiv. 1a. It requires delivery of a foreclosure advice notice along with the notice of foreclosure required by § 580.03. Section 580.03 requires service of a notice of foreclosure sale "upon the person in possession of the mortgaged premises, if the same is actually occupied." Minn. Stat. § 580.03 (emphasis added).

Ostigaard only alleges that he was owner/mortgagor of #C-302; he presents no evidence that he occupied or possessed #C-302. Sections 580.03 and 580.041 only require personal service of the foreclosure advice notice and notice of foreclosure sale on the occupants, not the mortgager. See Minn. Stat. §§ 580.03, 580.041; see also Deutsche Bank Trust Co. Americas. v. Souza, No. A10-190, 2010 WL 3958671, at *4 (Minn. Ct. App. Oct. 12, 2010) (citing Varco-Pruden Bldgs. v. Becker & Sons Constr., Inc., 361 N.W.2d 457, 459 (Minn. Ct. App. 1985). Moreover, the Sheriff's affidavit of service states that notice was personally served on the two

occupants who "were in possession of the property," the Lawrences, and that "no other person(s) were in possession of the property." Compl. ¶ 13; id. Ex. A.  As a result, Ostigaard cannot state a claim under §§ 580.041 and 580.03, and dismissal of Count I is warranted.

### B.   Assignment and Due Process

Ostigaard next argues that the foreclosure sale is invalid and should be set aside because "Deutsche Bank[] fail[ed] to adhere to the statutory requirements of Chapter 580."   Id. ¶ 39. Specifically, Ostigaard argues that the mortgage assignment was invalid because the signatories on the assignment and notice of foreclosure sale are officers of multiple entities, and that his due process rights have been violated because he could not locate the MERS officer who signed the assignment.

Ostigaard's argument is foreclosed by Jackson v. Mortg. Elec. Registration Sys., Inc., 770 N.W.2d 487 (Minn. 2009).  In Jackson, the Minnesota Supreme Court reviewed the operation of MERS and noted "legislative approval of MERS practices" by the Minnesota Legislature.  Id. at 491, 495.  The Jackson court also recognized that MERS shares officers with some of the lenders with which it works.  Id. at 491.  Therefore, Ostigaard's argument fails.

Ostigaard also argues that he has been deprived of due process.   Minnesota law requires six weeks of notice by advertisement before a foreclosure sale, redemption of the property

within six months (or a year in certain circumstances), and that a person in possession of the property will not be deprived of possession prior to the sale. See Minn. Stat. §§ 580.03, 580.23. The Minnesota Supreme Court has held that Minnesota's statutory procedure for foreclosure by advertisement does not deny due process, even though it does not provide a hearing prior to the sheriff's sale. See Guidarelli v. Lazaretti, 233 N.W.2d 890, 892 (Minn. 1975) (approving four-week notice). Moreover, the court has already determined that Ostigaard had no right to personal delivery of the foreclosure advice notice. Further, Ostigaard's inability to contact the MERS officer who signed the assignment does not deny him due process. See Jackson, 770 N.W.2d at 501. Therefore, dismissal of Count II is warranted.

## II.   MDTPA

The MDTPA states:

A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:

(1) passes off goods or services as those of another;

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

(4) uses deceptive representations or designations of geographic origin in connection with goods or services

(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

(6) represents that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used, or secondhand;

(7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(8) disparages the goods, services, or business of another by false or misleading representation of fact;

(9) advertises goods or services with intent not to sell them as advertised;

(10) advertises goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity;

(11) makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

(12) in attempting to collect delinquent accounts, implies or suggests that health care services will be withheld in an emergency situation; or

(13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

Minn. Stat. § 235D.44.

Ostigaard claims that Deutsche Bank has "routinely participated in the same unfair and deceptive practices for purposes of expediency to take the property from mortgagors by intentionally not adhering to the strict requirements of Chapter 580." Compl. ¶ 41. Such conclusory statements are not sufficient to state a claim, and Ostigaard offers no evidence of acts in

violation of the MDTPA by Deutsche Bank in this action.  Therefore, dismissal is warranted on this basis alone.

Moreover, this court has previously rejected arguments that a mortgagee violates the MDTPA through actions leading up to a mortgage foreclosure.  See Peterson-Price v. U.S. Bank Nat. Ass'n, No. 09-495, 2010 WL 1782188, at *14 (D. Minn. May 4, 2010); Cohen v. Mortgage Elec. Registration Sys., No. 08-1394, 2009 WL 4578308, at *3-4 (D. Minn. Dec. 1, 2009).  Simply, there is no evidence in this action that any practice or procedure of MERS or Deutsche Bank could lead to "a likelihood of confusion or misunderstanding" within the meaning of the MDTPA.  Therefore, dismissal is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 4] is granted, and this action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 2, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court